UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**ROBERT D. HUNTER, et al.,**

    **Plaintiffs,**

v.　　　　　　　　　　　　　　　　　　Case No.  8:09-cv-1772-T-TBM

**MARLOW YACHTS LIMITED, INC., et al.,**

    **Defendants.**

    _____/

**O R D E R**

THIS MATTER is before the court on the **Plaintiffs' Motion for Reconsideration of this Court's Order on Motions to Dismiss [D.E. 105]** (Doc. 107) and Defendant, Venwest Yachts, Inc.'s response in opposition (Doc. 110).  By the motion, Plaintiffs request the Court reconsider its Order dismissing the tort claims brought against the Defendants.  In support, Plaintiffs argue that since the written warranty was issued by a sham Marlow entity, Plaintiffs may find themselves without a legitimate contractual or warranty remedy against Defendants.  Thus, they urge, in order to prevent manifest injustice, the tort claims should not be dismissed.  Defendant, Venwest Yachts, Inc., responds that Plaintiffs fail to satisfy the threshold to support reconsideration of the court's Order in that Plaintiffs merely reallege the same arguments already addressed by the court's prior order.

A motion for reconsideration must demonstrate why the court should reconsider its prior decision and "set forth facts or law of a strongly convincing nature to induce the court to

reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993). Reconsideration of a prior order is an extraordinary remedy and should be employed sparingly. *Am. Ass'n of People with Disabilities v. Hood*, 278 F. Supp. 2d 1337, 1339 (M.D. Fla. 2003); *Mannings v. Sch. Bd. of Hillsborough County, Fla.*, 149 F.R.D. 235 (M.D. Fla. 1993). In this district, a request for reconsideration is appropriate in only three limited circumstances: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice." *Internat'l Ship Repair and Marine Servs., Inc. v. St. Paul Fire and Marine Ins. Co.*, 922 F. Supp. 577, 579 (M.D. Fla. 1996).

      Plaintiffs attempt to bring their arguments within the third ground contending that a manifest injustice would result if they were unable to assert their tort claims and their warranty claims were otherwise disclaimed or limited. However, as noted by the response, this Court squarely addressed the issue noting that a disclaimer or limitation of certain warranties will not bar application of the economic loss rule. *See E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 875 (1986). Thus, Plaintiffs' argument was previously raised and rejected by the court. A motion for reconsideration is not intended for a party to relitigate issues which have already been found lacking. *Gov't Personnel Servs., Inc. v. Gov't Personnel Mutual Life Ins. Co.*, 759 F. Supp. 792, 793 (M.D. Fla. 1991), *aff'd*, 986 F. 2d 506 (11th Cir. 1993).

Upon consideration, Plaintiffs' Motion for Reconsideration (Doc. 107) is **denied**.

**Done and Ordered** in Tampa, Florida, this 26th day of April 2011.

_____
THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record