**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**ROBERT D. HUNTER, et al.,**

      **Plaintiffs,**

**v.**                                              **Case No.  8:09-cv-1772-T-TBM**

**MARLOW YACHTS LIMITED, INC., et al.,**

      **Defendants.**

_____/

**O R D E R**

THIS MATTER is before the court on **Plaintiffs' Motion in Limine to Exclude or Limit the Expert Testimony of Adam D. Farnham** (Doc. 118), and Defendants', Marlow Yachts Limited, Inc., Marlow Marine Sales, Inc., Marlow Marine Service, Inc., f/k/a Marlow Marine Services, Inc., Marlow-Cannova Group, Inc., Michael F. Cannova, and David H. Marlow (collectively the Marlow Defendants), response in opposition (Doc. 141).[1] Additionally, the parties filed depositions and exhibits in support of their respective positions. *See* (Docs. 121, 123-127).

By their motion, Plaintiffs seek to limit or exclude the testimony of the Marlow Defendants' cause and origin expert, Adam D. Farnham, essentially because it is speculative

---

[1]Also pending is Plaintiffs' motion in limine to exclude the expert testimony of Venwest Yacht, Inc.'s expert, Edward R. Brill, (Doc. 120) to which Venwest filed a memorandum in opposition (Doc. 145).  In light of the settlement between Plaintiffs and Venwest, the motion directed to Venwest's expert, Mr. Brill (Doc. 120) is **denied as moot**.

and unreliable, and based on faulty methodology.[2]  Plaintiffs urge that Mr. Farnham has never

reached an opinion as to the cause and origin of the fire that occurred aboard the subject yacht,

*Pacific Blue*, and to the extent he has, the opinions are necessarily based on speculation,

conjecture and inadequate investigation.  They urge that his opinion as to *possible* causes of

the fire cannot assist the trier of fact.  Mr. Farnham's qualifications are not disputed on the

motion.

 The Marlow Defendants respond that the motion should be denied as a fair and

complete reading of Mr. Farnham's deposition and reports demonstrates his opinions are not

solely based on experience, conjecture or speculation as urged by Plaintiffs.  Rather, the

methodology used by Mr. Farnham is reliable and based on accepted methodology in his field.

Because the testimony is directed toward contesting Plaintiffs' expert, Mr. Way's opinion on

cause and origin and seeks to demonstrate that there are other potential causes of this fire that

cannot be eliminated and are more likely the cause of this fire than that espoused by Mr. Way,

the evidence is relevant and appropriate for consideration by the trier of fact.

 Rule 702 of the Federal Rules of Evidence governs the admissibility of expert

testimony: [i]f scientific, technical, or other specialized knowledge will assist the trier of fact

to understand the evidence or to determine a fact in issue, a witness qualified as an expert by

knowledge, skill, experience, training, or education, may testify thereto in the form of an

opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the

---

[2]To the extent Plaintiffs seek a hearing on the motion, I find such unnecessary. "*Daubert* hearings are not required, but may be helpful in 'complicated cases involving multiple expert witnesses.'" *U.S. v. Hansen*, 262 F.2d 1217, 1234 (11th Cir. 2001) (citing *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 564-65 n.21 (11th Cir. 1998).

testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case. Simply stated, the trial court can admit relevant expert testimony only if it finds that: (1) the expert is qualified to testify about the matters he intends to address; (2) the methodology used by the expert to reach his conclusions is sufficiently reliable; and (3) the expert's testimony will assist the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or determine a fact in issue. *McCorvey v. Baxter Healthcare Corp.,* 298 F.3d 1253, 1257 (11th Cir. 2002). The party offering the expert bears the burden of establishing qualifications, reliability and helpfulness. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1107 (11th Cir. 2005); *United States v. Frazier,* 387 F.3d 1244, 1260 (11th Cir. 2004). Here, Mr. Farnham's qualifications are not challenged.

As for reliability, expert testimony "must be 'scientific,' meaning grounded in the methods and procedures of science, and must constitute 'knowledge,' meaning more than subjective belief or unsupported assumptions." *McDowell v. Brown,* 392 F.3d 1283, 1298 (11th Cir. 2004). Rule 702 identifies three components of the reliability element: "(1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case."[3]

---

[3]In *Daubert*, the Supreme Court identified several other non-exclusive factors that a court may consider as appropriate in gauging the reliability of the principles and methods utilized by the expert: (1) whether the methodology has been, or is amenable to, testing; (2) whether it has been subjected to peer review and/or publication; (3) the known and potential error rate of the methodology; and (4) whether it has been generally accepted in the relevant scientific community. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 593-94

Lastly, the expert testimony must assist the trier of fact.  Expert testimony assists the trier of fact "if it concerns matters that are beyond the understanding of the average lay person."  *Frazier,* 387 F.3d at 1262.  "[E]xpert testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments."  *Id.*  Nor does expert testimony help the trier of fact if it fails to "fit" with the facts of the case.  *McDowell,* 392 F.3d at 1299.  Expert testimony lacks "fit" when "a large analytical leap must be made between the facts and the opinion."  *See id.* (citing *Gen. Elec. Co. v. Joiner,* 522 U.S. 136 (1997)).  Thus, the court may exclude otherwise reliable testimony if there is too great an analytical gap between the data and the opinion proffered and/or if it does not have sufficient bearing on the issue at hand to warrant a finding that it would be helpful to the trier of fact.  *See Joiner*, 522 U.S. at 147.

Upon full consideration of the arguments, the proffered reports and deposition testimony, I conclude that the Plaintiffs' motion is appropriately denied.  By my consideration, there is adequate demonstration that Mr. Farnham employed an acceptable methodology in concluding that the opinion offered by Plaintiffs' expert, Paul Way, is not as likely of a cause and origin of the fire than certain other possible causes.  As set forth in the Defendants' response, the process of elimination is an acceptable methodology in the scientific and engineering community.  As I read Mr. Farnham's reports, while he is unable to pinpoint the cause of this fire to a reasonable degree of scientific probability, he has identified certain

---

(1993).  These factors are not exhaustive, and courts may consider any other factor that may advance its Rule 702 analysis.  *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.,* 326 F.3d 1333, 1341 (11th Cir. 2003).

potential causes at least some of which he concludes are more likely to have caused this fire than the cause identified by Plaintiffs' expert, Mr. Way.  That he cannot pinpoint a single cause, in my view, does not render his opinion unreliable.  And, while certain of the potential causes may bear closer relation to the facts of this case than others, his opinions do not appear the product of mere speculation or conjecture and I believe they will assist the trier of fact. Finally, Plaintiffs raise several criticisms of Mr. Farnham's investigation which appear to have merit.  However, that the investigation may be subject to such criticism in this case goes to the weight of the evidence, not its admissibility.

Accordingly,  Plaintiffs' Motion in Limine to Exclude or Limit the Expert Testimony of Adam D. Farnham (Doc. 118) is **denied.**

**Done and Ordered** in Tampa, Florida, this 26th day of August 2011.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record